UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD JAMES FOX,<br>　　　　Plaintiff,<br>　　v.<br>T. URIBE, et al.,<br>　　　　Defendants. | Case No. 18-07221 BLF (PR)<br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical personnel at Salinas Valley State Prison ("SVSP"). Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.     **Plaintiff's Claims**

Plaintiff claims that after he burned his left foot on November 10, 2016, he had to use crutches once he was returned to SVSP from the hospital. (Compl. at 5.) He was housed in a top tier at that time and found it difficult to climb up and down the stairs with crutches. (*Id.*) The next day, he informed Defendants Nurse P. Sullivan and Dr. Law Fu that he had almost fallen while coming down the stairs. (*Id.*) They responded that it was a custody issue and that he should be more careful. (*Id.*) On November 12, 2016, he repeated his complaint to Defendant Sullivan, but did not get a response. (*Id.* at 6.) Then on November 14, 2016, he informed Defendant Dr. F. Tuvera about Dr. Fu's failure to grant him a lower tier/lower bunk; Dr. Tuvera's response was that it was not his problem and that Plaintiff did not need one. (*Id.*) Plaintiff claims that from November 10th through 14th, he informed Defendant Correctional Officer T. Uribe about the situation, and that it was a matter of personal safety. (*Id.*) Then on November 15, 2016, Plaintiff fell down the stairs while using his crutches, and suffered back contusions. (*Id.* at 7.) When he returned to the prison the same day, he was issued a lower tier/lower bunk chrono by medical. (*Id.*) Plaintiff claims that due to the injuries he received that day, he suffers extreme pain and has difficulty during physical therapy. (*Id.*) Plaintiff claims that on May 11, 2017, Defendant Dr. Nguyen decided to cancel all of Plaintiff's pain medication because she believed he should not be on anything and Plaintiff did not appear to be in pain. (*Id.* at 8.)

2

Plaintiff claims that Defendants Drs. Kumar and Brizendine were aware of the complaints alleged in the complaint, and that they are liable for failing to investigate the matter and properly train others. (*Id.*) Based on the foregoing, Plaintiff claims deliberate indifference to serious medical needs, medical malpractice, and deliberate indifference to personal safety. (*Id.* at 9-13.) He seeks declaratory relief and damages. (*Id.* at 14.)

### 1. **Deliberate Indifference to Safety**

Plaintiff's allegations against Defendants Sullivan, Fu, Tuvera, and Uribe do not involve a failure a treat a serious medical need, but rather a disregard of a risk to Plaintiff's safety.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *See, e.g.*, *Farmer*, 511 U.S. at 834 (inmate safety); *Wilson*, 501 U.S. at 302-03 (general conditions of confinement). Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-37 & n.4; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

3

*See id.*

Plaintiff's claim that Defendants were deliberately indifferent to his personal safety based on the failure to provide a lower tier/lower bunk chrono does not state a claim under the Eighth Amendment because he has failed to allege sufficient facts showing that they had the requisite state of mind, i.e., that they knew of and disregarded an excessive risk to inmate safety. Plaintiff's allegations indicate that Defendants Sullivan and Fu advised him to more careful, which does not indicate a belief that Plaintiff was facing an excessive risk of harm. Defendant Tuvera's response that that Plaintiff did not need an accommodation chrono also indicates that Defendant Tuvera did not believe that Plaintiff was facing an excessive risk of harm. Lastly, the allegation that Defendant Uribe disregarded Plaintiff's several complaints about the situation is not sufficient to indicate Defendant Uribe's state of mind concerning Plaintiff's circumstances. As such, the allegations against Defendants Sullivan, Fu, Tuvera, and Uribe amounts to nothing more than negligence, which does not constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-37 & n.4. Plaintiff shall be granted one opportunity to file an amended complaint to attempt to state sufficient facts to state a deliberate indifference to safety claim against these Defendants.

### 2. **Deliberate Indifference to Medical Needs**

Plaintiff's allegation that Defendant Nguyen discontinued his pain medication is the only claim that involves treatment of medical needs. It also appears that this claim is improperly joined to the above claim for deliberate indifference to safety needs because the claims are unrelated and are against different defendants.

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of

4

"morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).

Furthermore, parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The safety claim and medical claim do not arise out the same transaction and occurrence, and there is no question of law or fact common to all the defendants involved in these two claims. Accordingly, either the safety claim above or this claim against Defendant Nguyen must be dismissed from this action based on improper joinder. Plaintiff may pursue either claim in a separate action, along with the related state medical malpractice claim.

If he wishes to pursue the medical claim against Defendant Nguyen in this action, the claim is insufficiently plead. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm

5

and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060.

Here, Plaintiff claims that Defendant Nguyen decided to cancel his medication because "she believed I shouldn't be on anything" and she told him "I wasn't in pain or that I didn't look as thou I was in pain." (Compl. at 8.) These alleged statements do not indicate that Defendant Nguyen knew that Plaintiff would face a substantial risk of serious harm and yet disregarded that risk when she cancelled his medication. Furthermore, Plaintiff fails to allege the resulting harm due to Defendant Nguyen's actions. If Plaintiff desires to pursue this claim against Defendant Nguyen in this action, he shall be granted leave to file an amended complaint to attempt to state sufficient facts to support a deliberate indifference to medical needs claim.

### 3. **Supervisor Liability**

Plaintiff claims that Defendants Dr. Kumar and Brizendine "were aware of the complaints alleged herein and many others which were filled by inmates. This type of misconduct has been happening for years on and before their watch and by failing and/or refusing to investigate the complaints and properly train them they've become apart thereof." (Compl. at 8.) It appears that Plaintiff is asserting these Defendants are liable in their capacity as supervisors.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this

6

individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional policies and procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

As discussed above, Plaintiff has failed to allege sufficient facts to state a constitutional deprivation. Accordingly, it cannot be said that he has alleged sufficient facts to support a claim against these supervisory Defendants where there is no underlying constitutional violation by a subordinate. Plaintiff may attempt to state sufficient facts to state a claim based on supervisor liability against these Defendants but only if he has alleged sufficient facts against their subordinates as discussed above. Furthermore, the underlying claim must be limited to either the safety claim or the medical claim as Plaintiff may only proceed on one of those claims in this action.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to state sufficient facts to state **either** a deliberate indifference to safety claim **or** deliberate indifference to medical needs as described above. Plaintiff file a separate action to pursue the claim which he foregoes in this action. The amended complaint must include the

7

caption and civil case number used in this order, Case No. C 18-07221 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED**

Dated: April 3, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.18\07221Fox_dwlta

8