UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD JAMES FOX,<br><br>Plaintiff,<br><br>v.<br><br>T. URIBE, et al.,<br><br>Defendants. | Case No. 18-07221 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical personnel at Salinas Valley State Prison ("SVSP"). The Court dismissed the complaint with leave to amend to correct several deficiencies. (Docket No. 8.) Plaintiff has filed an amended complaint. (Docket No. 15.)

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**   **Plaintiff's Claims**

Plaintiff claims that he suffered a second degree burn on his left foot on November 10, 2016. (Am. Compl. at 4.) Upon his return from the hospital, Plaintiff was provided with crutches and instructed to return to his upstairs housing assignment. (*Id.* at 4-5.) Plaintiff claims that from November 11 through 14, 2016, he notified Defendants Sullivan, Fu, Tuvera, and Uribe that he was in pain and that it was very difficult to walk up and down the stairs in his condition and crutches, but that defendants "purposefully and intentionally ignored Plaintiff and acted with a culpable state of mind to a foreseeable risk of Plaintiff's personal safety and disregarded such risks by refusing to take reasonable measures to abate such risk." (*Id.* at 5.) Then on November 15, 2016, Plaintiff fell down the stairs and had to be taken to the hospital to receive treatment for back contusions and pain; on his return, he was issued a "lower tier lower bunk accommodation" by medical staff. (*Id.* at 5-6.) From then until November 30, 2016, Plaintiff suffered increased pain in his back and was taken to the prison's treatment center for extreme pain. (*Id.* at 6.) On December 9, 2016, Plaintiff received a medical order for physical therapy which did not start until April 2017. (*Id.*) The physical therapist informed Plaintiff that the injuries to his nerves and back could be life time and requested Plaintiff be examined by a doctor due to Plaintiff's inability to physically perform during the physical therapy session. (*Id.*) Plaintiff claims that he had been prescribed pain medications by medical care providers, but that on May 11, 2017, Defendant Dr. Nguyen "purposefully interfered with Plaintiff's

prescribed pain medications for his injuries and pain" by "intentionally discontinuing" the medications, "despite Plaintiff informing Defendant Nguyen that he was in pain as a result of his injury to his foot and fall down the stairs." (*Id.* at 7.) Plaintiff claims that Defendant Nguyen's decision was "medically unreasonable considering the circumstances" and that it was "chose[n] in conscious disregard to a excessive risk to Plaintiff's health and personal safety." (*Id.*) Plaintiff claims he notified Defendants Kumar and Brizendine that he was in extreme pain and had difficulty walking up and down the stairs with crutches, but they failed to respond. (*Id.* at 8.) Based on the foregoing, Plaintiff claims deliberate indifference to serious medical needs and deliberate indifference to personal safety. (*Id.* at 8-9.) He seeks damages. (*Id.* at 14.)

### 1. **Improper Joinder**

Plaintiff raises two claims: (1) the claim that he was exposed to unsafe prison conditions against Defendants Sullivan, Fu, Tuvera, and Uribe which resulted in his fall down the stairs on November 15, 2016; and (2) deliberate indifference to serious medical needs against Defendants Nguyen, Kumar, and Brizendine based on Defendant Nguyen's discontinuation of Plaintiff's pain medication on May 11, 2017.

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).

Furthermore, parties may be joined as defendants in one action only "if any right to

3

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

In its screening order, the Court advised Plaintiff that his deliberate indifference to medical needs claim was improperly joined to his claim for deliberate indifference to safety needs because the claims are unrelated, and each involve different defendants. (Docket No. 8 at 4.) The Court also found that the alleged facts were insufficient to support either claim. (*Id.* at 4-6.) Plaintiff was directed to file an amended complaint "to state sufficient facts to state **either** a deliberate indifference to safety claim **or** deliberate indifference to medical needs." (*Id.* at 7, original emphasis.) Plaintiff has clearly failed to comply with this instruction since the amended complaint again attempts to raise the same two unrelated claims arising out of two separate events against two different groups of Defendants. The Court will therefore strike the safety claim because Plaintiff's allegations are again insufficient to support such a claim against the named Defendants as explained below.

## 2. **Deliberate Indifference to Safety**

Plaintiff's safety claim is based on the single factual allegation that from November 11 through 14, 2016, he notified Defendants Sullivan, Fu, Tuvera, and Uribe that he was in pain (from the foot burn) and that it was very difficult to walk up and down the stairs in his condition and crutches, but that defendants "purposefully and intentionally ignored Plaintiff and acted with a culpable state of mind to a foreseeable risk of Plaintiff's personal safety and disregarded such risks by refusing to take reasonable measures to abate such risk." (Am. Compl. at 5.)

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment when two

4

requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *See, e.g.*, *Farmer*, 511 U.S. at 834 (inmate safety); *Wilson*, 501 U.S. at 302-03 (general conditions of confinement). Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-37 & n.4; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

Plaintiff was advised in the Court's initial screening order of the original complaint that he had failed to allege "sufficient facts showing that [Defendants] had the requisite state of mind, i.e., that they knew of and disregarded an excessive risk to inmate safety." (Docket No. 8 at 4.) The amended complaint fails to correct this deficiency as his sole allegation against Defendants Sullivan, Fu, Tuvera, and Uribe is based on a single sentence that they "purposefully and intentionally ignored Plaintiff and acted with a culpable state of mind to a foreseeable risk of Plaintiff's personal safety and disregarded such risks by refusing to take reasonable measures to abate such risk." (Am. Compl. at 5.) This allegation is conclusory and not supported by any other factual allegations regarding each individual Defendant's specific knowledge of Plaintiff's risky circumstances and intentional disregard and failure to abate it. Accordingly, this safety claim must be

5

dismissed for failure to state a claim.

### 3. **<u>Deliberate Indifference to Medical Needs</u>**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060.

Here, Plaintiff claims that Defendant Nguyen cancelled his pain medication in a conscious disregard to an excessive risk to Plaintiff's health because he did so despite knowing that Plaintiff continued to be in pain. (Am. Compl. at 7.) Assuming Plaintiff's condition was "serious," Plaintiff's allegations are sufficient to support the claim that Defendant Nguyen knew of a risk of serious harm to Plaintiff and yet disregarded that risk by discontinuing his pain medication.

Plaintiff claims that Defendants Kumar and Brizendine were notified that he was in extreme pain through the "inmate request process, correspondence, and 602 process," but

6

that they failed to respond. (Am. Compl. at 8.) Liberally construed, the Court finds Plaintiff states a claim based on supervisor liability against Defendants Kumar and Brizendine based on Defendant Nguyen's wrongful conduct. *See Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011; *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's deliberate indifference to safety claim is **DISMISSED** with prejudice for failure to state a claim. The Clerk shall terminate Defendants P. Sullivan, Law Fu, Dr. F. Tuvera, and Tereasa Uribe from this action since the claim against them has been dismissed.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 15), all attachments thereto, and a copy of this order upon **Defendants Dr. Nguyen, Dr. K. Kumar, and Dr. B. Brizendine** at the **Salinas Valley State Prison (P.O. Box 1020, Soledad, CA 93960-1020).** The Clerk shall also mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is

7

necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

8

the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED**

Dated: _**November 15, 2019**_

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and of Svc
PRO-SE\BLF\CR.18\07221Fox_svc

9