UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD JAMES FOX,<br><br>        Plaintiff,<br><br>    v.<br><br>T. URIBE, et al.,<br><br>        Defendants. | Case No. 18-07221 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br><br>(Docket No. 33) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical personnel at Salinas Valley State Prison ("SVSP"). The amended complaint is the operative complaint in this action. Dkt. No. 15.[1] Finding the amended complaint stated a cognizable claim under the Eighth Amendment for deliberate indifference to serious medical needs, the Court ordered service upon Defendants.[2] Dkt. No. 16. Defendants Dr. Nguyen, Dr. K. Kumar, and Dr. B Brizendine filed a motion for

---

[1] All page references herein are to the Docket pages shown in the header to each document and brief cited, unless otherwise indicated.

[2] A deliberate indifference to safety claim was dismissed for failure to state a claim. Dkt. No. 16 at 7. Defendants P. Sullivan, Law Fu, Dr. F. Tuvera, and Tereasa Uribe were terminated since the claims against them were dismissed. *Id.*

summary judgment on the grounds that the undisputed material facts show they did not violate Plaintiff's constitutional rights and based on qualified immunity. Dkt. No. 33.[3] Plaintiff did not file an opposition although given an opportunity to do so. However, Plaintiff's amended complaint is verified and therefore may be treated as an opposing affidavit.[4] Dkt. No. 15 at 15. Defendants did not file any further briefing.

For the reasons discussed below, Defendants' motion is **GRANTED.**

## DISCUSSION

### I. Statement of Facts[5]

#### A. Plaintiff's Allegations

This action is based on Plaintiff's claim that Defendants acted with deliberate indifference to his serious medical needs with respect to pain management, causing him to suffer daily extreme pain. Dkt. No. 15 at 4. On November 10, 2016, Plaintiff suffered a second degree burn to his left foot. *Id.* He was provided with crutches upon his return from the hospital. *Id.* Then on November 15, 2016, Plaintiff fell down the stairs and injured his back. *Id.* at 5-6. He was prescribed pain medications and physical therapy. *Id.* at 6-7.

Plaintiff claims that on May 11, 2017, Dr. Nguyen purposefully interfered with his

---

[3] In support of their motion, Defendants provide declarations from Defendant Dr. Thao Nguyen with exhibits, Dkt. No. 33-1, Defendant Dr. Brittany Brizendine, Dkt. No. 33-2, and Defendant Dr. Reetika Kim Kumar with exhibits, Dkt. No. 33-3.

[4] A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge); *see also Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (treating allegations in prisoner's verified amended complaint as opposing affidavit).

[5] Because no opposition has been filed, the Court accepts Defendants' statement of facts, unless indicated that facts are in dispute with Plaintiff's verified amended complaint.

2

prescribed pain medications by intentionally discontinuing them, causing him to suffer prolonged extreme pain. *Id.* at 7. Plaintiff claims Dr. Nguyen acted despite being informed by Plaintiff that he was in pain. *Id.* Plaintiff claims the medical care chosen by Dr. Nguyen was medically unreasonable considering the circumstances, and that discontinuing his medication was chosen in conscious disregard to an excessive risk to his health. *Id.* Plaintiff claims that he notified Drs. Kumar and Brizendine that he was in extreme pain through the "inmate request process, correspondence, and 602 process," but that they failed to respond. *Id.* at 8.

Based on these allegations, the Court found Plaintiff stated cognizable claims under the Eighth Amendment for deliberate indifference to serious medical needs against Dr. Nguyen and supervisor liability against Drs. Kumar and Brizendine. Dkt. No. 16 at 6-7.

### B. Plaintiff's Injury and Initial Treatment

In November 2016, Plaintiff started medical treatment for complaints of lumbago as a result of falling down the stairs at SVSP. Nguyen Decl. ¶ 16; Dkt. No. 33-1 at 10-19. A few days prior to the fall, Plaintiff had suffered burns on his foot from boiling water. *Id.* Plaintiff was 22 years old at the time. *Id.*; Dkt. No. 33-1 at 13. On November 30, 2016, he was examined by Dr. Fernando Tuvera, not a party to this action, who referred Plaintiff to physical therapy and prescribed Ibuprofen 600 mg, three times a day. Dkt. No. 33-1 at 15.

On January 23, 2017, Plaintiff saw Nurse Practitioner Doehring for his lower back pain, and she prescribed Oxcarbazepine 300 mg, by mouth two times per day for chronic low back pain. Nguyen Decl. ¶ 17; Dkt. No. 33-1 at 30, 35-36, 49. On January 25, 2017, Plaintiff failed to take both his morning and afternoon medication of Oxcarbazepine 300 mg for that day, and then again on January 31, 2017. *Id.*; Dkt. No. 33-1 at 21-22. Plaintiff failed to take his Oxcarbazepine 300 mg medication for lower back pain in February 2017, at the following times: 2/9 (pm), 2/12 (am), 2/17 (pm), 2/20 (am), 2/21 (am), 2/22 (am), 2/25 (pm) 2/27 (pm), and 2/28 (am & pm). *Id.* ¶ 18; Dkt. No. 33-1 at 23-24.

Plaintiff failed to take his Oxcarbazepine 300 mg medication for lower back pain in

3

March 2017, at the following times: 3/1 (pm), 3/4 (pm), 3/5 (pm), 3/8 (am), 3/12 (am), 3/13 (am), 3/15 (am & pm), 3/16 (am), 3/17 (pm), 3/19 (am & pm), 3/23 (am & pm), 3/26 (am), and 3/30 (pm). *Id.* ¶ 19; Dkt. No. 33-1 at 25-26.

On March 24, 2017, Plaintiff was seen by Dr. Carl Bourne, not a party to this action, for complaints of lower back pain at SVSP. *Id.* ¶ 20; Dkt. No. 33-1 at 46-47. Dr. Bourne noted Plaintiff's failure to fully comply with taking Oxcarbazepine as his pain medication. *Id.* Plaintiff was refusing to take Oxcarbazepine. *Id.* Plaintiff told Dr. Bourne that he did not feel the Oxcarbazepine was effective for treating his pain. *Id.* Plaintiff did not identify any significant side effect except constipation. *Id.* Plaintiff agreed to continue to take Oxcarbazepine until his next primary care physician ("PCP") visit for his lower back pain complaints. *Id.*

Plaintiff continued to fail to take his Oxcarbazepine medication for lower back pain during April 2017 as follows: 4/3 (am & pm), 4/6, 4/7 (am), 4/8 (am), 4/9 (am), 4/10 (am), 4/11 (am), 4/13 (am & pm), 4/15 (am), 4/16 (am), 4/18 (am), 4/19 (am), 4/20 (am & pm), 4/22 (am), 4/23 (am), 4/26 (pm), and 4/29 (am). *Id.* ¶ 21; Dkt. No. 33-1 at 27-32.

On April 16, 2017, Plaintiff was seen by Dr. Yasmeen Shagufta, not a party to this action, for a follow-up to his complaints of chronic lower back pain. *Id.* ¶ 22; Dkt. No. 33-1 at 51-52. Dr. Shagufta noted Plaintiff was taking Oxcarbazepine for neuralgia, but Plaintiff stated it was not helping. *Id.* Plaintiff complained of pain on weight bearing, limited range of motion, and the need to use a cane. *Id.* However, his most recent x-rays showed normal spine alignment and no osseous abnormalities. *Id.* Plaintiff was to return to clinic in 30 days for a further exam. *Id.*

As of April 24, 2017, Plaintiff was prescribed Ranitidine, 150 mg (2x/day), Ibuprofen 600 mg (3x/day), and Oxcarbazepine 300 mg (2x/day) by Dr. Shagufta. *Id.* ¶ 23; Dkt. No. 33-1 at 31-32, 35, 37. On April 25, 2017, Plaintiff again expressly indicated that Oxcarbazepine does not help. *Id.*; Dkt. No. 33-1 at 54.

Plaintiff failed to take his medications during the month of May 2017, as follows:

4

5/2 (am - all medications), 5/2 (pm - Ibuprofen), 5/3 (am - all medications, pm - Ibuprofen), 5/4 (am & pm – all medications), 5/5 (pm – all medications), 5/6 (am & pm – all medications), 5/8 (am & pm – all medications), 5/9 (am & pm – all medications), 5/11 (am – all medications, pm – Ibuprofen), 5/12 (pm – Ibuprofen), 5/13 (pm – Ibuprofen), 5/16 (am & pm – Ibuprofen), 5/17 (am – Ibuprofen), 5/18 (pm – Ibuprofen), 5/19 (am – all medications), 5/21 (pm – all medications), 5/23 (am – Ibuprofen), and 5/24 (am – Ibuprofen). *Id.*; Dkt. No. 33-1 at 33-37.

### C. Treatment from Defendant Dr. Nguyen

On May 11, 2017, Plaintiff refused all medications for the morning, and Ibuprofen at noon. Nguyen Decl. ¶ 26; Dkt. No. 33-1 at 33. Dr. Nguyen treated Plaintiff in the clinic later that day. *Id.*; Dkt. No. 33-1 at 56-57. At that time, Plaintiff reported it was hard for him to bend forward because of pain in his back and that he had numbness all over but not in any particular pattern. *Id.* ¶ 27; Dkt. No. 33-1 at 59, 61. Plaintiff walked with his cane on his left side, even though he complained of pain to his right leg. *Id.* When asked to point to where the pain is, Plaintiff pointed to his IT band, then quickly changed locations to his back. *Id.* at 59. Plaintiff was able to put his right shoe on without using his hands. *Id.* This demonstrated he could easily use his legs and feet to maneuver his shoe on. *Id.*

Plaintiff also stated that Oxcarbazepine does not work for him, and he requested an opioid medication. *Id.* ¶ 28. Dr. Nguyen's examination showed no motor or sensory deficit, normal reflexes, hips had full range of motion, and no tenderness in Plaintiff's back. *Id.* Plaintiff did not cooperate with some parts of the exam, such as giving no effort to dorsiflex or plantar flex his foot. *Id.* However, when Dr. Nguyen observed him in the yard with Officer Lozano, Plaintiff reacted normally when a ball came to him. *Id.*; Dkt. No. 33-1 at 59. He squatted quickly, got up quickly, picked up the ball, and threw it back. *Id.* Plaintiff had no balance issues, which would require a cane. *Id.* Plaintiff did not have his cane when he squatted down to pick up the ball and stood up quickly. *Id.*

Based on her physical examination of Plaintiff, her direct observations of him, and

5

his medical records, Dr. Nguyen found the above factors did not support chronic back pain with pathology warranting a cane or opioid pain medications. *Id.* ¶ 29; Dkt. No. 33-1 at 61. Plaintiff's records showed no signs of severe acute injury, and no fracture or dislocation. *Id.* Her examination of Plaintiff also showed no upper motor neuron signs and no dermatomal numbness. *Id.* Plaintiff was able to squat quickly when not in the exam room. *Id.*

As for the Oxcarbazepine, Plaintiff expressly told Dr. Nguyen it did not work and he would not take it. *Id.* ¶ 30. Based on his statement and the above listed factors, Dr. Nguyen made the medical determination to discontinue Plaintiff's prescription for Oxcarbazepine 300 mg that day. *Id.*; Dkt. No. 33-1 at 62-63. In Dr. Nguyen's assessment, Plaintiff had subjective lower back pain that did not interfere with his activities of daily life or his ability to walk or to play in the yard. *Id.* For Plaintiff's subjective low back pain, Dr. Nguyen re-ordered Ibuprofen, as needed, for one month, taking care not to order NSAIDs for a prolonged period of time due to the risk to Plaintiff of gastro-intestinal bleeding. *Id.*

### D.      **Defendant Dr. Kumar - Administrative Grievances**

Defendant Dr. Kumar is the Chief Medical Executive of SVSP. Kumar Decl. ¶ 5. Part of her duties include reviewing inmate appeals to ensure the inmate-patient is receiving medical care and has been seen by his PCP, as determined based on the scope of the inmate's complaint. *Id.* ¶ 8a. After an inmate has been seen by his physician, Dr. Kumar checks to see if the complaints in the appeal have been addressed by the attending physician, with a hands-on medical evaluation, as applicable. *Id.*

On April 3, 2017, prior to Dr. Nguyen's treatment, Plaintiff filed a 602 health care appeal, No. SVSP-HC-17057289, complaining of his chronic back pain and that the Oxcarbazepine he had been prescribed did not help reduce his pain symptoms. Kumar Decl. ¶ 9; Dkt. No. 33-3 at 11. Plaintiff requested to be seen by a doctor to be prescribed medication for his chronic back pain. *Id.*

On May 8, 2017, Nurse Practitioner R. Erguiz and Dr. D. Bright, not parties to this action, responded at the first level and partially granted the appeal. Kumar Decl. ¶ 10; Dkt. No. 33-3 at 8. They noted Plaintiff's refusal to take Oxcarbazepine when last seen by his PCP on March 24, 2017. *Id.* On May 17, 2017, Plaintiff requested a second level review due to his dissatisfaction with the first level response. *Id.*; Dkt. No. 33-3 at 13.

On June 19, 2017, Defendant Dr. Kumar and G. Ellis, Chief Executive Officer ("CEO") of SVSP issued CDCR's second level response, partially granting Plaintiff's appeal. Kumar Decl. ¶ 11; Dkt. No. 33-3 at 7. Their response was based on Plaintiff's statement that he was seen by his PCP on May 11, 2017, and that she discontinued Oxcarbazepine and he was currently on Ibuprofen for pain. *Id.* Plaintiff appealed the matter to the third level of review on June 28, 2017.[6] Dkt. No. 33-3 at 130

On June 4, 2017, Plaintiff filed another 602 health care appeal, No. SVSP-HC-17057694, complaining that Dr. Nguyen had discontinued "all medical needed," that he was still in pain, and "can't get help." Kumar Decl. ¶ 12; Dkt. No. 33-3 at 20. He wanted to be placed "back on all medical treatment" for his injuries. *Id.* On July 3, 2017, Nurse Erguiza and Dr. Bright responded at the first level, and partially granted the appeal. Kumar Decl. ¶ 13; Dkt. No. 33-3 at 22. They noted that after his treatment with Dr. Nguyen on May 11, 2017, Plaintiff saw his PCP on June 16, 2017, and that he was instructed to perform back and stretching exercises and continue taking Ibuprofen 400 mg for pain. *Id.* They also noted Plaintiff's medical condition would "continue to be monitored with care provided as determined medically indicated by the primary care provider." *Id.*

On August 21, 2017, Dr. Kumar and CEO Ellis issued the second level response, partially granting the appeal. Kumar Decl. ¶ 14; Dkt. No. 33-3 at 24. This response indicated that Plaintiff was seen by his PCP on June 16, 2017, "for back pain and his issues

---

[6] Neither party has provided a copy of the third level of review decision for this appeal.

were addressed," and that he would be scheduled for a follow-up appointment with his PCP. *Id.* On August 30, 2017, Plaintiff objected to this decision and claimed he was racially profiled and denied treatment for his chronic back pain. *Id.*; Dkt. No. 33-3 at 21.

On December 19, 2017, J. Lewis, Deputy Director, issued CDCR's third-level response, denying the appeal. Kumar Decl. ¶ 15; Dkt. No. 33-3 at 18. This response indicated the following: (1) Plaintiff received PCP evaluation and monitoring for his history of lower back pain; (2) detailed the specific scope of treatment related to Plaintiff's claimed lower back pain; (3) noted that Plaintiff's PCP determined there was no evidence of severe disease or neurological impairment limiting mobility; (4) after August 23, 2017, Plaintiff failed to request medical care for uncontrolled back pain; and (5) Plaintiff's medical condition would "continue to be monitored with care provided as determined medically indicated by the primary care provider." *Id.* The decision stated that no intervention was necessary as Plaintiff's medical condition "has been evaluated and you are receiving treatment deemed medically necessary." Dkt. No. 33-3 at 19.

### E. Facts Regarding Defendant Dr. Brizendine

Defendant Dr. Brizendine was the Chief Executive Officer at SVSP from July 2016 to April 30, 2017. Brizendine Decl. ¶ 6. Then from May 1, 2017, to December 2019, Dr. Brizendine worked as the acting and subsequently permanent Assistant Deputy Director, CEA, at CDCR Statewide Mental Health Program, at Mental Health Headquarters in Elk Grove. *Id.* Currently, Dr. Brizendine is the Chief Executive Officer of California State Prison in Sacramento. *Id.*

As of May 2017, Dr. Brizendine was not working at SVSP in any capacity and had no responsibility for medical care or daily operation of that facility. *Id.* ¶ 7. Contrary to Plaintiff's allegations, *see supra* at 3, Dr. Brizendine had no involvement, in any manner, with Dr. Nguyen's treatment of Plaintiff on May 11, 2017, as she was not working at SVSP at that time. Brizendine Decl. ¶ 8. Dr. Brizendine had no notice that Plaintiff was in extreme pain through the 602 process related to his treatment with Dr. Nguyen on May

8

11, 2017, and she was not in the chain of command for any medical treatment at SVSP at that time. *Id.* ¶ 9. Nor did Dr. Brizendine have any involvement with Dr. Kumar's review of that treatment. *Id.* ¶ 8.

## II. **Summary Judgment**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *See Liberty Lobby*, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" *Celotex*

9

*Corp.*, 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Id.* at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. *See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. *See id.; see, e.g., Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

### A. Deliberate Indifference

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id*. The following are examples of indications that a prisoner has a "serious" need for medical treatment: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled

on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer*, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. *Id*. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference, *see Toguchi v. Chung*, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health. *Toguchi*, 391 F.3d at 1058; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Farmer*, 511 U.S. at 837).

**B.     Analysis**

Plaintiff claims that Dr. Nguyen acted with deliberate indifference when she interfered with his prescribed pain medications by discontinuing them, despite knowing he was in pain. Dkt. No. 15 at 7. Plaintiff claims that Drs. Kumar and Brizendine's failure to respond to his serious medical needs through the inmate appeals process also constitutes deliberate indifference. *Id.* at 8.

### 1.     Claim against Defendant Dr. Nguyen

Defendants assert that Dr. Nguyen was not deliberately indifferent to Plaintiff's serious medical needs. Dkt. No. 33 at 15. Defendants assert that assuming there was serious medical need for other pain medication, Plaintiff fails to show that Dr. Nguyen acted with a conscious disregard of an excessive risk of serious harm to him. *Id.* at 16. Defendants assert that Dr. Nguyen did not subjectively know of a risk of serious harm to Plaintiff by changing his pain medications and no medical record indicates there was any harm to him. *Id.* Defendants assert that Plaintiff was never in a risk of serious harm in the first place. *Id.* Plaintiff did not file an opposition to refute Defendants' assertions or the evidence submitted in support.

After a careful review of the submitted papers and evidence, construed in the light most favorable to Plaintiff, the Court finds there is no genuine dispute of material fact with respect to the Eighth Amendment claim against Dr. Nguyen. Plaintiff claims Dr. Nguyen discontinued his medication despite being informed by him that he was in pain. Dkt. No. 15 at 7. However, there is no evidence or allegation that Dr. Nguyen subjectively believed that Plaintiff was experiencing extreme and chronic pain. Rather, Plaintiff's medical records indicate that for months before he saw Dr. Nguyen on May 11, 2017, Plaintiff was increasingly failing to take the prescribed pain medication Oxcarbazepine for his lower back pain. *See supra* at 3-5. And although he indicated that the Oxcarbazepine was not helping, Plaintiff was also frequently failing to take the other prescribed pain medications, i.e., Ibuprofen and Ranitidine. *Id.* When Dr. Nguyen saw Plaintiff on May 11, 2017, her examination and observations showed that Plaintiff had no motor or sensory deficit, no tenderness in his back, that his reflexes were normal, and his hips had full range of motion. *Id.* at 5. Plaintiff also reacted normally when a ball came to him: he squatted quickly and picked it up, got up quickly and threw the ball back, all without the use of his cane. *Id.* Contrary to Plaintiff's assertion that he was in extreme pain, Dr. Nguyen found that her physical examination, personal observations, and his medical records did not support

chronic back pain with pathology that warranted opioid pain medications. *Id.* at 6. There is no evidence suggesting that Dr. Nguyen both knew of facts from which the inference could be drawn that Plaintiff was at an excessive risk of further pain and that she drew that inference. *See Farmer*, 511 U.S. at 837. Rather, she simply did not believe that Plaintiff's pain was so extreme or debilitating to warrant medication other than Ibuprofen as needed. As she states in her declaration, Dr. Nguyen concluded that Plaintiff's records did not show objective evidence to support the level of disability he claimed, and that his subjective complaints of pain could not be verified on physical examination. Nguyen Decl. ¶ 34. She also states that at no time when she treated Plaintiff on May 11, 2017, did she observe or know of any risk of serious harm to him in any manner. *Id.* ¶ 37. In response, Plaintiff has filed no opposition or submitted any evidence showing that Dr. Nguyen knew that he faced a substantial risk of serious harm, *i.e.*, extreme and debilitating pain, if she discontinued the Oxcarbazepine and disregarded that risk by going ahead and cancelling it anyway. *Id*.

What remains of Plaintiff's claim is a mere disagreement with Dr. Nguyen's chosen course of treatment which simply does not give rise to a § 1983 claim. *See Franklin*, 662 F.2d at 1344. Plaintiff has not shown that her course of treatment was medically unacceptable under the circumstances. On the contrary, it cannot be said that Dr. Nguyen's decision to discontinue Oxcarbazepine was medically unreasonable under the circumstances where Plaintiff repeatedly asserted that Oxcarbazepine was not effective, and he was frequently refusing to take it. Nor has Plaintiff shown that Dr. Nguyen chose this course in conscious disregard of an excessive risk to his health where she attests, and the supporting documents show, that she was not aware of any such risk. *Toguchi*, 391 F.3d at 1058.

In response, Plaintiff has filed no opposition showing that there is a genuine issue for trial or identifying any evidence that precludes summary judgment. *Celotex Corp.*, 477 U.S. at 324. Accordingly, based on the foregoing, the Court finds summary judgment is

13

appropriate because there are no genuine issues of material facts with respect to the deliberate indifference claim against Dr. Nguyen. *See Celotex Corp.*, 477 U.S. at 323. Accordingly, Dr. Nguyen is entitled to summary judgment on this claim.

### 2. Claim against Defendant Dr. Kumar

Defendants first assert that Plaintiff's claim against Dr. Kumar for failing to properly respond to his appeal does not rise to the level of a constitutional violation because there is no constitutional right to a prison grievance procedure. Dkt. No. 33 at 19-20. In the amended complaint, Plaintiff alleged generally that "staff refused to respond to some of the appeals naming defendants" and that the "administrative remedy process is inadequate." Dkt. No. 15 at 12. However, Plaintiff did not connect this allegation with any named defendant. To the extent that he was attempting to state a claim based on inadequacies in the administrative grievance process, Defendants are correct that there is no constitutional right to a prison administrative appeal or grievance system under due process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). And although there is a right to petition the government for redress of grievances,[7] there is no right to a response or any particular action from the prison. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance."). As such, Dr. Kumar's failure to respond in a particular way does not give rise to a constitutional violation. *Id.*

Secondly, Defendants assert that because there is no triable issue of material fact to show that Dr. Nguyen was deliberately indifferent, there can be no supervisory liability attributable to Dr. Kumar based thereon. *Id.* at 21. Defendants also assert that Dr. Kumar

---

[7] The right of meaningful access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). This right is subsumed under the First Amendment right to petition the government for redress of grievances, *see id.* at 333, and protects both the filing, *see id.*, and content, *see Bradley*, 64 F.3d at 1279, of prison grievances.

14

reasonably relied on Plaintiff's medical records and Dr. Nguyen's informed opinion regarding the appropriate pain medication. *Id.* at 22.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional policies and procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

After a careful review of the submitted papers and evidence, construed in the light most favorable to Plaintiff, the Court finds there is no genuine dispute of material fact with respect to the Eighth Amendment claim against Dr. Kumar based on supervisor liability. First of all, Plaintiff does not allege that Dr. Kumar was personally involved in the constitutional deprivation, *i.e.*, the changes to his pain medication, nor is there evidence supporting such a conclusion. *See Henry A.*, 678 F.3d at 1003-04. The undisputed evidence submitted by Defendants shows that Plaintiff submitted his first inmate appeal, No. SVSP-HC-17057289, complaining that Oxcarbazepine was ineffective *before* he was seen by Dr. Nguyen on May 11, 2017. *See supra* at 6-7. By the time the matter came to

Dr. Kumar's attention at the second level of review, Dr. Nguyen had already discontinued the Oxcarbazepine. *Id.* The same is true with respect to Plaintiff's second inmate appeal, No. SVSP-HC-17057694, in which Plaintiff specifically complained of Dr. Nguyen's treatment; Dr. Kumar could not have been personally involved in the decision to discontinue the pain medication since the matter was brought to her attention after the fact.

Secondly, Plaintiff fails to establish the second factor under *Henry A.*, *i.e.*, a causal connection between Dr. Kumar's allegedly wrongful conduct and the constitutional violation. 678 F.3d at 1003-04. As discussed above, the Court has determined that Dr. Nguyen did not act with deliberate indifference towards Plaintiff's serious medical needs. *See supra* at 13-14. Accordingly, Plaintiff cannot establish that Dr. Kumar is culpable as a supervisor based on his knowledge and acquiescence where there was no underlying unconstitutional conduct by a subordinate. *See Keates*, 883 F.3d at 1243.

Alternatively, Plaintiff could establish supervisor liability under the factors described in *Starr*, 652 F.3d at 1208. However, the first factor – action or inaction in the training, supervision, or control of the subordinate – does not apply since Plaintiff nowhere alleges that Dr. Kumar's wrongful conduct was based on inadequate training, supervision, or control, but rather, only in her involvement in the inmate appeals process. With respect to the second factor, "acquiescence in the constitutional deprivation," the Court has already discussed in the previous paragraph that there was no underlying unconstitutional conduct by Dr. Nguyen as a subordinate and therefore no supervisor liability on the part of Dr. Kumar. Lastly, there is no evidence that Dr. Kumar acted with reckless or callous indifference to Plaintiff's rights, the third factor under *Starr*, 652 F.3d at 1208. The evidence submitted by Defendants shows that Dr. Kumar reviewed the pertinent medical records for Plaintiff's treatment, and the scope of his complaint as defined by his 602 health care appeals. *See supra* at 6-8. Dr. Kumar states in her declaration that at no time when treating Plaintiff on May 11, 2017, did it appear that Dr. Nguyen consciously disregard any risk of serious harm to Plaintiff. Kumar Decl. ¶ 18. Dr. Kumar states that

16

Plaintiff did not present to Dr. Nguyen to be in any risk of serious harm, and that Dr. Nguyen responded with a reasonable and medically appropriate prescription of Ibuprofen for Plaintiff's vague, generalized, and questionable complaints of pain. *Id.* Based on Dr. Kumar's belief of the reasonableness of Dr. Nguyen's treatment and the lack of any risk of serious harm to Plaintiff, it cannot be said that Dr. Kumar acted with reckless or callous indifference to Plaintiff's Eighth Amendment rights in the manner of her response to his appeal.

In response, Plaintiff has filed no opposition showing that there is a genuine issue for trial or identifying any evidence that precludes summary judgment. *Celotex Corp.*, 477 U.S. at 324. Accordingly, based on the foregoing, the Court finds summary judgment is appropriate because there are no genuine issues of material facts with respect to the deliberate indifference claim against Dr. Kumar based on supervisor liability. *See Celotex Corp.*, 477 U.S. at 323. Accordingly, Dr. Kumar is entitled to summary judgment on this claim.

### 3.  **Claim against Defendant Dr. Brizendine**

Lastly, Defendants assert that Dr. Brizendine was not involved with Plaintiff's medical care at SVSP, and she did not work there at the time he was treated by Dr. Nguyen. Dkt. No. 33 at 20.

After a careful review of the submitted papers and evidence, construed in the light most favorable to Plaintiff, the Court finds there is no genuine dispute of material fact with respect to the Eighth Amendment claim against Dr. Brizendine. Plaintiff's claim is based on the single allegation that Dr. Brizendine had notice of his extreme pain from "the inmate request process, correspondence, and 602 process" and failed to respond. Dkt. No. 15 at 8. However, Dr. Brizendine's name does not appear on any of the supporting documents attached to Plaintiff's amended complaint, Dkt. No. 15 at 17-23, nor on any of the inmate appeal records submitted by Defendants. Dkt. No. 33-3 at 6-24. Accordingly, aside from Plaintiff's conclusory allegation, there is no evidence of any causal connection

17

between Dr. Brizendine and the alleged deprivation of Plaintiff's Eighth Amendment rights in connection with his pain medication. Moreover, Plaintiff has filed no opposition showing otherwise. *Celotex Corp.*, 477 U.S. at 324. Accordingly, based on the foregoing, the Court finds summary judgment is appropriate because there are no genuine issues of material facts with respect to the deliberate indifference claim against Dr. Brizendine on any grounds. *See Celotex Corp.*, 477 U.S. at 323. Accordingly, Dr. Brizendine is entitled to summary judgment on this claim.

## CONCLUSION

For the reasons stated above, Defendants Dr. T. Nguyen, Dr. K. Kumar, and Dr. B. Brizendine's motion for summary judgment, Dkt. No. 33, is **GRANTED**.[8] The Eighth Amendment deliberate indifference claims against them are **DISMISSED** with prejudice.

This order terminates Docket No. 33.

**IT IS SO ORDERED.**

Dated: __October 27, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order Granting MSJ
PRO-SE\BLF\CR.18\07221Fox_grant-MSJ

---

[8] Because the Court finds that no constitutional violation occurred, it is not necessary to reach Defendants' qualified immunity argument.